The next case on the call is number 122227, People v. Granville-Johnson, agenda number three. Counsel, if you're ready, you may proceed. Good morning, your honors, and may it please the court. Counsel, my name is Cheryl Varughese. I'm with the Office of the State Appellate Defender, and I represent Granville-Johnson. This court has never allowed counsel for a criminal defendant to be held to no standard of representation. This court should refuse to do so here. And this court has never limited the guarantee of reasonable assistance in post-conviction proceedings to only pro se defendants. This court should decline to do so now. In People v. Cotto, this court stated that it required reasonable assistance from retained counsel at the first and second stage of post-conviction proceedings. This court later observed that although Supreme Court Rule 651C only applies to petitions initially filed by pro se defendants, this court has never conditioned the reasonable level of assistance standard to the applicability of that rule. Indeed, this court has treated reasonable assistance as generally applying to all post-conviction petitions without reference to Rule 651C or between retained and appointed counsel. Yet the state argues that the defendants represented by retained counsel at the first stage are not entitled to reasonable assistance. Specifically, the state claims that because the Post-Conviction Hearing Act does not expressly provide for the right to counsel at the first stage, the defendants are not entitled to reasonable assistance. The appellate court noted that to find otherwise, it required it to judicially disengage the right to reasonable assistance from the underlying right to counsel. But while the act does not specifically or explicitly provide for the right to reasonable assistance of counsel at the first stage, it also does not prohibit it. In fact, the act does not include a guarantee of reasonable assistance at any stage. It was this court in People v. Owens that concluded the act provides a post-conviction defendant with reasonable assistance. Then in Cotto, this court strongly implied that reasonable assistance applies without post-conviction proceedings. Further, the analogous situation of Section 214-1 Petitions filed under the Code of Civil Procedure demonstrates that the right to counsel is not inextricably linked to the right to reasonable assistance or a required level of assistance by counsel. A defendant has no constitutional or statutory right to counsel under Section 214-01, but the trial court may appoint counsel. While this court has not specifically delineated the level of assistance required by counsel under Section 214-01 proceedings, in Tedder v. Fairman, this court demanded that counsel exercise due diligence. Then in People v. Penn-Consley, this court concluded that the defendant did not receive unreasonable assistance. In other words, Section 214-01 petitioners who have no constitutional or statutory right to counsel are entitled for a required level of assistance by counsel. Therefore, the act does not have to provide for counsel in the first stage, but this court defied it. There needs to be a guarantee for reasonable assistance of counsel. Does your approach give every prisoner that can afford counsel two bites of the apple? No, Your Honor, because in such a situation, the defendant would only be allowed to file one motion to reconsider or bring this to the court's attention at one time. It's unreasonable to assume that a defendant is gonna hold on to these claims and allow retained counsel to file a petition without these claims on the off chance that the trial court will then consider the claims in a motion to reconsider. What we're asking for this case is that when counsel refuses to include issues that the defendant wants to include in the initial petition, that the defendants will be given the opportunity to present those claims to the trial court. Further, Your Honors, the public court's concern that requiring reasonable assistance would lead to disparate treatment is unconvincing. Because the act does not restrict defendants from retaining counsel at the first stage, it already contemplates a disparate system where some defendants file their petitions pro se while others retain counsel. As Justice McBade noted in her dissenting opinion in People v. Garcia-Rocha, there's a very real possibility that in post-conviction proceedings, as in numerous other situations throughout our criminal and civil courts, financially advantaged petitioners may or may not receive qualitatively higher levels of representation. Your Honor, the state also argues that reasonable assistance is not required because the Illinois Rules of Professional Conduct set the standard for all attorneys to provide competent representation. Certainly, retaining counsel who fails to include meritorious constitutional claims in an initial petition may be subject to disciplinary action and professional liability. But if existing standards were sufficient to ensure competent representation, there would be no need for standards such as ineffective assistance of counsel, reasonable assistance of counsel, and due diligence. But counsel, isn't it logical not to impose some sort of standards on a retained counsel if someone's retained? No, Your Honor, because this court has consistently maintained that there should be no difference between retained and appointed counsel. Just because counsel is retained does not mean that counsel will somehow provide better representation for our clients. But isn't there some sort of standard should be even across the board for everybody who retains counsel, or has counsel? Yes, Your Honor, it should be even across the board for everyone who retains counsel, they should be allowed to raise unreasonable assistance. But in such a situation, there needs to be some standard. While posting petitioners are allowed to include every claim, someone who hires counsel expects that counsel is going to include  But when counsel does not include those claims, such as in this case, and it is an initial petition that is at stake, the defendant takes a chance of losing all of those claims on appeal, because as this court knows, a defendant cannot raise these claims in a successive post-conviction petition. This is because without a successive petition, the defendant has to get leave of court, and to get leave of court, the defendant has to show cause for failing to raise a claim in an initial petition. In people before us, this court adopted a ruling in Coleman v. Johnson, that a defendant cannot excuse procedural defaults by arguing that post-conviction counsel did not include those claims. So at this current time, there is no way for a defendant to raise those claims once counsel has forfeited it. Your Honors, to ask the defendant to just wait and raise a complaint in the Attorney Registration and Disciplinary Commission is to ask them to take small consolation. They still lose those claims forever, and that is why we ask this court to find that reasonable assistance is required at the first stage. Turning to the second issue, even if this court finds that a defendant may not raise new issues in a motion to reconsider, this court should hold that the trial court must conduct some type of inquiry into the defendant's timely claim that routine counsel provided unreasonable assistance by omitting claims during the initial petition. If the defendant is entitled to reasonable assistance from retained counsel at the first stage, then if retained counsel filed a petition that is deemed frivolous and patently without merit, and the defendant filed a timely motion to reconsider, claiming that counsel had not included claims that the defendant wanted to include, then the forfeiture rule should be relaxed. The trial court should look at those claims and see if any of those claims satisfy the gist of a constitutional claim standard. If those claims do in fact, or even one of those claims satisfies the gist standard, the trial court should advance the petition to the second stage. Defendants should be allowed to bring omitted claims to the trial court's attention because that is the most efficient way for the trial court to determine if this petition should advance, and it is the most efficient way to ensure the defendants receive proper representation and are not forfeiting claims for the future. Here in Mr. Johnson's case specifically, retained counsel filed an initial petition with issues that were barbed by the judicata and speculative at most. After the trial court summarily dismissed the petition, Mr. Johnson filed a timely motion to reconsider, alleging that counsel had not included all of the claims, and that when he had asked counsel about his failure to include all the claims, that counsel had requested money, and that the last time he had heard from him was during that letter requesting money, and the next thing Mr. Johnson received was the trial court's dismissal of his petition. So he informed the trial court that there were extra issues that would satisfy the gist of a constitutional claim,  the trial court should have looked at those claims and advanced it if even one of those claims satisfied the gist. Specifically, as to Mr. Johnson's claims, at least one of the claims did satisfy the gist of a constitutional claim standard because he asserted that trial counsel provided ineffective assistance by allowing Officer Jackson Yandel's numerous improper statements to negate the feasibility of alternative suspects. By the time of the third trial, Yandel testified for the first time that the alternative suspects did not learn of Gregory Moore's identity as an informant, and that with the exception of Octaviano Sanchez, who fled back to Mexico, all of the other individuals were in the custody of a law enforcement agency at the time Gregory Moore was killed. Without Yandel's improper and inadmissible testimony,  because it rested on Isaac Moore's and Anthony Jacobson's testimony, which was uncorroborated by forensic evidence, impeached by prior inconsistencies and criminal convictions, and contradicted by a witness's testimony, Amanda McGill, despite the fact that Mr. Johnson was convicted only after the third trial where Yandel testified to this new information, direct appeal counsel and routine post-conviction counsel did not raise any issues about trial counsel's ineffectiveness. They only raised issues about a state trial violation. Consequently, the trial court erred in dismissing Mr. Johnson's post-conviction petition as frivolous and patently without merit, and we would ask this court to reverse and remand the second stage consideration under the Post-Conviction Hearing Act. If this court has no further questions, thank you. Seeing none, thank you. Thank you. May it please the court, counsel, Reetha Stotts from the Attorney General's Office for the People. I'd like to start by addressing a couple of factual questions. Petitioner has argued, or at least suggested, that his counsel refused to raise these particular claims when he's briefed in this court. Makes it sound like Petitioner asked counsel to raise these and counsel said no. There's actually no evidence for that in the record. Petitioner did file his original motion for reconsideration. He did complain about counsel not raising certain issues and he went into detail about the issues, but not these issues. These issues came up for the first time in Petitioner's second motion for reconsideration. That motion was improper because it was a second motion and it was also extremely untimely. It was filed more than a year and a half after the entry of judgment. This is the first time those claims came up. And even there, Petitioner doesn't say, oh, I asked counsel to raise these claims. So the logical inference is that Petitioner himself came up with these claims only a year and a half after the entry of judgment. So there's no concern, there's no basis in the record for this idea that counsel refused to raise these particular claims. Nor is there any reason to be concerned even in another case about a petitioner not being able to raise what he wants if he's counseled. There's a couple of options. The petitioner could arrange with his counsel to review the petition before it's filed. There's no evidence that Petitioner tried to do that here. Or once it's on file and the petitioner gets a copy and realizes he doesn't raise what he wants, he could withdraw the petition and refile. Petitioner didn't do that here either and the petition was on file for a couple of months before it was dismissed. So there's no reason, either in general or in this case, to think there's a problem with attorneys not raising things their clients want them to raise. Setting aside the actual disputes for a minute, you think it might be problematic of this court to come up with a rule that says that if a defendant hires an attorney to represent him in a post-conviction proceeding that the attorney does not have to begin providing a reasonable level of assistance and until that petition goes on to the second stage? That's a question covered by the statute. The statute only provides for a right to counsel at the second stage and it provides it for whether it's retained or appointed. But before that stage, the act doesn't entitle anyone to counsel. No, but I agree with you as to what the statute says. But if we agree with your position, is there any getting around the fact that this court would be saying that if there is an attorney hired for the first stage, as in this case, that that attorney does not have to provide reasonable assistance at that stage? There are plenty of standards that govern all attorneys' performance at all times. But if the court said that there was a special standard for retained counsel at the first stage but that there wasn't for petitioners who didn't have counsel, that would create a problematic disparity. That seems to be what petitioners are arguing for here, that only those people who can retain it get a reasonable level of assistance. But of course, the act answers that clearly. No one gets any particular right to counsel at the first stage, only at the second stage, and there it applies evenly whether you can afford your attorney or not. Outside of the act, it's just governed by the regular standards of what all attorneys should be doing. There's no problem with that. This isn't a criminal trial. There's no constitutional right here. There's no constitutional right to collateral attack at all. The right is what the Post-Convictionary Act provides, and that's for counsel at the second stage. Well, that's the rub, isn't it? I mean, you correctly state that if you hire an attorney, that attorney should provide reasonable assistance. And we would be saying, except in the case of if you decide to hire one for a first-stage post-conviction petition, because you're not entitled to an attorney, so therefore, if you hire one, that particular attorney does not have to perform reasonably. It's problematic, isn't it? All attorneys should perform reasonably, but the question here is whether he gets a do-over, and that's a question that's covered by the act. Were his rights under the act violated? You know, he has other remedies, maybe if it's an attorney, and again, this is hypothetical. There's no fair amount of this attorney, but if there isn't a mistake, it's just like all other civil litigation. You don't get a do-over in the context of civil litigation if your attorney makes a mistake. You do it in a criminal trial, and you would at the second stage under the Post-Conviction Act, where there's a statutory right, but other than that, it's covered by rules of court, rules of professionalism, and again, this isn't, you know, this case doesn't present any problems of unfairness, so if there was any kind of reason to reach out, it's not present here at all. Counsel, you're still relying on our comments in Caddo, aren't you? Caddo doesn't cover this. Petitioner appears to be reading Caddo to say that Caddo. But you seem to rely on Caddo. No? Well, what I'm attempting to do is say that Petitioner's wrong in saying that Caddo overruled a long-line authority when he rewrote the Post-Conviction Hearing Act to provide a right to counsel at the first stage. It certainly didn't do that. Caddo recognized the right only kicks in at the second stage, and all it says was once you're at the second stage, everyone has the same right under the Act, and of course, that's correct. You have the right to reasonable assistance at the second stage, whether it's retained or appointed, but that doesn't help Petitioner here. It doesn't say anything about the first stage. If anything, it cuts against his argument. The reasoning of Caddo is that all Petitioners are treated the same under the Act, whether counsel's retained or appointed. Petitioner seems to be saying here that those who can retain counsel at the first stage have a greater right to reasonable assistance there than those who can't, and that would be a strange. Well, if we should find some level of standard that applies to retain counsel at the first stage, then, how could a Petitioner raise the issue other than in a motion to reconsider? The Act provides the answer to that as a successive petition. This is the rule of all civil litigation. You raise your claims in the first go-around. The Act says specifically, if a claim's not raised in the original or another petition, it's waived, and then the only avenue for raising it is in a successive. If Petitioner wants to raise this claim in a successive, he can try to do that, and he says he has. If the court were to conclude that somehow an error in retaining counsel at the first stage was problematic and that should afford a Petitioner a remedy, the way to address that would be to say, to consider whether it might constitute cause for a successive petition. A motion to reconsider? No? No. You can't raise new claims in a motion for reconsideration, and that's what this Petitioner did. Not even until the second. Not even in effective assistance of counsel? In effective assistance of trial counsel? No, that'd be a new claim. Petitioner seems to be suggesting that if there are complaints about the assistance of post-conviction counsel, maybe the court should have some duty to look into that. We would urge the court not to reach that issue in the next case. This was not clearly briefed in the opening brief. We don't want to hint at that in the reply, even when it's not clear what exactly Petitioner's arguing for, so we've had no chance to respond. If we agreed with opposing counsel that retained counsel at the first stage must provide reasonable assistance, and as in this case, they're saying reasonable assistance wasn't provided because other meritorious claims weren't raised, there has to be some mechanism to get that to the trial court, right? If we say the counsel had to be reasonable, she said the way they weren't reasonable is meritorious claims weren't raised, I mean, the Petitioner would need some way to get to the trial court, what those other meritorious issues were to see if it proceeds to the second stage, wouldn't it? Whether you call it a motion reconsider or a hearing, I mean, there would have to be some mechanism. If this court were to find a right to assistance of counsel at the first stage, yes, it could send it back and order new first stage proceedings, or it could say where that right is denied, I suppose it's a cause for a successive, but these would both require overruling a lot of precedent and essentially rewriting the post-conviction hearing act which is very clear that the right doesn't kick in until the second stage. But don't you think we should have rules governing this very situation when you have a retained counsel and he's acting on behalf of a defendant at the first stage of a post-conviction proceeding? I mean, there've got to be some rules. There's no room in the act for creating a right to counsel at the first stage. Maybe the legislature should amend the act. We are in agreement that the statute doesn't say anything about counsel at the first stage, but maybe we need to correct that, or maybe the legislature needs to correct it. I suppose the act could be rewritten or the court could find a way in the successive context to say that an error by a retained counsel at the first stage might be cause for another round of proceedings. That would make more sense, doing another round would make more sense than what Petitioner's doing here, saying he's essentially arguing that trial court erred in dismissing his petition based on claims that weren't before the court. But counsel, Justice Thomas raised the issue, if counsel did have a lawyer that he hired, doesn't that defendant expect reasonable assistance of counsel? Always, all lawyers are supposed to provide reasonable assistance. But you seem to be saying otherwise, that there's a difference. I'm distinguishing between whether there are standards that govern attorney's performance, which there always are, and whether there is a right under the Post-Conviction Hearing Act that might entitle a defendant to additional proceedings if the right is violated. And that's what controls here, it's the text of the act, the structure of the act. The right to counsel kicks in at the second stage, if that right's violated, certainly the Petitioner can go back and get more processed in the context of the act. But outside of that, it would essentially be rewriting the act, that's what Petitioner's asking the court to do. Are you saying it's completely inconsistent for us to find that there is no right to counsel at first stage, but if the defendant hires counsel, that counsel has to be reasonable? Absolutely, that would create a disparity between Petitioners who could afford counsel and those who can't. There would be no reason to grant a right to only to those who can afford it. And there's no basis in the act that would create an equal protection problem, and it can't be squared with the language of the act at all. Just moving back to the point about Petitioner's argument that wasn't adequately briefed about whether there might be some kind of Crankle-type inquiry in a post-conviction proceeding. Crankle wouldn't apply if that's a criminal trial proceeding at the end of a criminal trial. This is the state of the case, a collateral attack. And anyway, this court held in Pecoraro that Crankle wouldn't apply where counsel was retained and the defendant's not seeking to discharge him, and that's the case here. But again, if the court is inclined to look at whether there might be some kind of Crankle-type procedure in a post-conviction, the Custer case that's cited in Petitioner's reply would be a better vehicle, and the state's PLA in that case is still pending. This case isn't a good vehicle. We haven't had a chance to brief it. Oh, Petitioner, another argument Petitioner raised is that he said, you know, putting these things in worship for reconsideration is somehow more efficient, so we should bypass the structure of the act which funnels these claims, new claims, into a successive. There's no reason to think that motion for reconsideration is more efficient than legal policy. I'm trying to understand your equal protection problem here. The act does not say, it says you're not entitled to an attorney at the first stage. It doesn't say you can't have an attorney at the first stage, right? Correct. So if a person decides that they can afford or want, you know, maybe there's somebody who wants to proceed pro se. I would imagine that in a case in which the petitioner says there's more meritorious issues than my attorney provided, I mean, you could argue that the pro se petition would be more inclusive than the attorney's petition. I'm not getting into the facts of this particular case. I mean, that's a different story. But we have competing interests, right?  but even you agree if there is an attorney, everybody expects the attorney to act reasonably. So that's why I know this is somewhat circular, but we get back to that this court would have to say that if you have an attorney, because you're not entitled to an attorney, that attorney does not have to act reasonably. And that's what's very problematic for me. I'd frame it slightly a different way. I would never say an attorney doesn't have to act reasonably but that's not really what the petitioner wants. He wants more process in the context of this proceeding. He wants a do over. He says, my attorney didn't do a good job. I want to go back and do it over. The problem with that granting that just because he's retained counsel is that another petitioner who doesn't have counsel who also doesn't raise good claims, would say, well, why can't I get a do over too? I didn't do a reasonable job on my own. That's what would set up the disparity, more process for those who could afford it. And again, it's not, it doesn't have any source from that. I think the petitioner mentioned that the Tedder case was a 214-1 case. It wasn't, it was a prison medical rights case. And just briefly on the merits of this case, and as we've explained in the brief, the objections that counsel, the petitioner says he wanted his counsel to raise wouldn't have worked. The Vandals' testimony was problematic in some respects, but not these portions of the testimony for the reasons this petitioner is arguing. Even if there was some possible objection that could have been sustained, you know, whether or not you object to testimony is always a strategic question. It can backfire. It can focus the jury unnecessarily on bad testimony. It can make the jury distrust counsel. This attorney did a good, thorough job here of drawing out those problems with the testimony. Certainly wasn't sufficient performance under any standard, reasonable, or whatever standard you might apply. And of course, there could be no prejudice. This was a strong case because of the eyewitness testimony of Isaac Moore, who was also shot in this incident. Unless the court has further questions. I think following up on Justice Thomas's questions or concerns, if the facts were that a pro se petitioner had issues and was ready to raise them, whether he was represented by counsel or not, but chose to have counsel, and counsel did not raise those, doesn't that put that petitioner, who had hired a counsel who does not provide a reasonable level of assistance in a worse position than a pro se defendant who would have raised the issue? You were saying that by having counsel and allowing relief for unreasonable assistance would give the defendant a do-over chance. But isn't it precluded if we say, once you have an attorney, and he doesn't have to be reasonable, and doesn't raise the issues you want raised, you're precluded from raising those issues. No, they'd be in the same situation. If a petitioner doesn't raise the right issues in the petition, if there are good issues that should have been raised, that petitioner is in the same situation. I'm using a hypothetical where the petitioner pro se did raise the issues, and the petitioner who had counsel would have raised them, but counsel would not. Well, in that situation, if the petitioner wants complete control over what's in the petition, he has to proceed pro se, or he can do one of the other things I mentioned, he can review the petition before it's on file, or withdraw it once it's on file, and replace it with his own. So we would ask the court to affirm the appellate court's judgment. Reply. Thank you, Your Honors. The state says there's no problem with holding an attorney to no standard, because this is a collateral proceeding, and so it's not so important. In so stating, the state undervalues the initial post-conviction petition. The initial post-conviction petition is so important, because it is sometimes the first time the trial court examines the conviction itself, and oftentimes the first time that the trial court examines ineffectiveness of trial counsel in trial proceedings, in proceedings where the defendant is presumed guilty. So initial post-conviction petitions are important. They're also important because it is the one chance for defendants to raise all issues without taking the chance of forfeiture. Now the state points to the success of post-conviction petitions as an alternative, but until this court finds that petitioners can raise cause as post-conviction counsel's unreasonable assistance, that is not a viable option for our defendants. Your Honors, the state also says this is a do-over. This is not a do-over, because pro se petitioners can and very often do raise every single issue in initial petitioning. It is unreasonable to think that pro se petitioners wait to see what will happen in the future, whereas those who retain counsel are just never given that opportunity. They expect counsel to raise meritorious issues, and when counsel fails to do so, the idea that they forfeit those claims forever is unreasonable. Your Honors, the act does not provide for counsel at the first stage, and no one is saying that it does, but the act also does not provide for reasonable assistance. This court is the one that imposed that duty on counsel, and thus we ask this court to impose that duty on retained counsel at the first stage. If this court has no further questions, we would ask that this court reverse for second stage proceedings, thank you. Thank you, case number 122227, People v. Johnson will be taken under advisement as agenda number three. Ms. Vordis, Ms. Scotts, we thank you both for your arguments this morning, and you are excused.